# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SIFI NETWORKS FULLERTON, LLC,<br><br>        Plaintiff,<br><br> vs.<br><br>BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,<br><br>        Defendant. | **Case No. 8:23-cv-1417-FWS-JDE**<br><br><br>**PROTECTIVE ORDER** |
| BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY,<br><br>        Counterclaimant,<br><br> vs.<br><br>SIFI NETWORKS FULLERTON, LLC,<br><br>        Counterdefendant. | |

[Caption Continued on Following Page]

| | |
|---|---|
| 1 | BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | vs. |
| 5 | SIFI NETWORKS AMERICA, LLC, a Delaware Limited Liability Company; LAT LONG INFRASTRUCTURE OF CALIFORNIA LLC, a California Limited Liability Company; LAT LONG INFRASTRUCTURE LLC, a California Limited Liability Company; DANIEL R. URBAN, a Texas citizen; CAVALLO CAPITAL PARTNERS LLC, a Delaware Limited Liability Company; TRAFERO TECHNOLOGIES LLC, a California Limited Liability Company; ROLAND PICKSTOCK, a citizen of the United Kingdom; MICHAEL HARRIS, a citizen of the United Kingdom, |
| 16 | Third-Party Defendants. |

Based on the stipulation by and between counsel for all parties other than Daniel R. Urban (Dkt. 148) and for good cause show, the Court finds and orders as follows.

## **STIPULATED PROTECTIVE ORDER**

1. This Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to the Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by the producing party (the "Designating Party") in the manner permitted by paragraph 6. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." All such information, documents, excerpts from documents, and other materials will constitute "Protected Information" under this Order.

This Order shall apply to Protected Information produced by any party or third-party, whether domestic or foreign, in this action.

### Designations

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, (c) information implicating an individual's legitimate expectation of privacy, or (d) information subject to protection under federal or state law, or any other applicable legal standard.

4. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

### Designation of Documents and Information

5. A Designating Party may designate a document or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

6. Documents shall be designated by stamping or otherwise marking the documents or information with the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," thus clearly identifying the category of Protected Information for which protection is sought under the terms of this Order. The designations shall appear on each page of the document that is believed to require designation, with the exception that for spreadsheets produced in native format, the designation need only appear on the TIFF placeholder. Protected Information not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

7. Material that qualifies for protection under this Order must be clearly designated before the material is produced. Notwithstanding the preceding sentence, inadvertent production of material that qualifies for protection under this Order prior to its designation as such in accordance with this Order shall not be deemed a waiver of a

claim of confidentiality. Any such error shall be corrected within a reasonable time by providing prompt written notice to all persons receiving the information that the material should be treated as Protected Information.

8. Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within thirty (30) days after the Designating Party receives the final transcript.

    (a) When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Protected Information may be disclosed under paragraph 10 of this Order.

    (b) When testimony is designated by written notice, all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the thirty (30) days, the deposition transcript shall be treated as Protected Information.

9. Any party may use documents containing Protected Information as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 10 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Protected Information.

### Disclosure and Use of Protected Information

10. Protected Information shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    (a) Protected Information designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to:

        (i) the court and appropriate court personnel;

        (ii) outside counsel for the parties in this action;

        (iii) in-house counsel or officer(s)/director(s) with direct involvement in the litigation of the case;

(iv)   litigation support personnel working on this matter, including court reporters, court videographers, persons providing data management and analysis services, and copy vendors;

(v)   consulting or testifying experts retained for assistance in the prosecution or defense of claims in the action, provided such person(s) first agree in writing to be bound by this Order by signing a document substantially in the form of Exhibit A;

(vi)   any person who is indicated on the document to be either an author or prior recipient of the Protected Information, or that is referenced on the face of the document; and

(vii)   any other person authorized to receive such information by prior written consent of the Designating Party or prior order of this Court.

(b)   Protected Information designated "CONFIDENTIAL" may be disclosed only to:

(i)   those parties identified in paragraph 10(a)(i)–(vii);

(ii)   parties to this action or directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement, provided such person(s) first agree in writing to be bound by this Order by signing a document substantially in the form of Exhibit A; and

(iii)   witnesses or prospective witnesses in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, provided such person(s) first agree in writing to be bound by this Order by signing a document substantially in the form of Exhibit A. Protected Information may not be retained by a witness or prospective witness.

11. Prior to disclosing or displaying any Protected Information to any person, counsel, or the disclosing person, shall:

    (a) Inform the person of the confidential nature of the Protected Information; and

    (b) Inform the person that this Court has enjoined the use of the Protected Information by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

12. A person having custody of Protected Information shall maintain it in a manner that limits access to the Protected Information to persons permitted such access under this Order.

13. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order for one year following the final disposition of this action, and shall make them available in response to another party's reasonable request.

### Security of Protected Information

14. Parties receiving Protected Information must take reasonable precautions to guard Protected Information against loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to:

    (a) Protected Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to the application of access control rights to those persons entitled to access Protected Information under this Order;

    (b) An audit trail of use and access to litigation support site(s) shall be maintained while this Action, including any appeals, is pending;

    (c) Any Protected Information downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptops, network drives, virtual private networks, servers, secure, access-controlled, file share platforms cloud databases, document management systems, tablets, smartphones,

thumb drives, portable hard drives) that are password protected and/or encrypted with access limited to persons entitled to access Protected Information under this Order. If the user is unable to password protect and/or encrypt the device, the Protected Information shall be password protected and/or encrypted at the file level. The Receiving Party shall also track the transfer of any Protected Information. These restrictions shall also apply to any onward transfer.

(d) Absent notice and permission by the Designating Party, the Receiving Party shall not use any application, software, or analytical solution that will transmit, transfer or allow access to any person, entity, or organization not bound by the terms of this Order, to have access to Protected Information under the terms of this Order (for the avoidance of any doubt, this paragraph does not apply to the kinds of systems typically used by law firms for which no notice is required);

(e) Absent notice and permission by the Designating Party, any person or entity authorized to have access to Protected Information under the terms of this Order shall not use or employ any application, service, or analytical software that will ingest, transfer, transmit, send or allow access to Protected Information (in whole or in part) unless such application, service or analytical software is containerized (e.g. does not allow access to information by unauthorized persons, does not transmit any information stored within the litigation support system to be accessed or transmitted outside of the litigation support system to analyze, summarize, or interpret, has the ability to track all information in the system (including access) and has the ability to remove or delete all information from the system). For the avoidance of doubt, this includes but is not limited to any advanced Artificial Intelligence tool such as Chat GPT 3/3.5/4 and Open AI.

(f) The above provisions do not apply to a commercialized litigation support system (e.g. Relativity, iPro, Reveal, Everlaw, Logikcull) that is fully containerized.

**Filing Protected Information Under Seal**

15. Any Protected Information which becomes part of an official judicial proceeding or which is publicly filed with the Court is public. Such Protected Information will be sealed by the Court only upon motion and appropriate showing under the applicable law and rules. This Protective Order does not provide for the automatic sealing of such Protected Information. If it becomes necessary to file Protected Information with the Court, a party must move to file the Protected Information under seal.

16. If Protected Information is filed, the parties must adhere to the United States District Court for the Central District of California's Local Rule 79-5, et seq., and all other applicable rules.

17. All pleadings, writings, and information electronically filed under seal shall contain "**FILED UNDER SEAL**" prominently displayed underneath the caption of the case.

18. Any party also may move the Court for an order that Protected Information be received *in camera* by the Court and the opposing party or under other conditions to prevent unnecessary disclosure. A party wishing to move for in-camera review should follow the United States District Court for the Central District of California's Local Rule 79-6, et seq., and any further orders from the reviewing judge.

19. Filing pleadings or other papers disclosing or containing Protected Information does not waive the designated status of the material.

20. This order does not govern trial. The Court will determine how Protected Information will be treated during trial and other proceedings as it deems appropriate.

**Miscellaneous**

21. The nature and scope of discovery in this case potentially implicates information that is located in foreign jurisdictions. Accordingly, the parties acknowledge that the analysis and production of such information may require the parties to meet and confer regarding compliance with European data privacy and other foreign rules and regulations, including but not limited to the United Kingdom's General Data Protection

1  Regulation, the European Union's General Data Protection Regulation, and France's
2  Data Protection Act of 2018. The parties also recognize that certain additional steps may
3  be required, including requests for the entry of additional orders, redaction of documents,
4  or similar measures, for compliance with any applicable data privacy requirements.

5        22.    The parties will use reasonable care to avoid designating as confidential
6  documents or information that does not need to be designated as such. A party may submit
7  a request in writing to the Designating Party that the designation be modified or
8  withdrawn. If the Designating Party does not agree to the redesignation within ten (10)
9  days, the objecting party may move relief under Local Civil Rule 37-1, et seq. Upon any
10 such motion, the burden shall be on the Designating Party to show why the designation
11 is proper. Before serving a written challenge, the objecting party must attempt in good
12 faith to meet and confer with the Designating Party to resolve the matter.

13       23.    Upon final termination of this action, all Protected Information and copies
14 thereof shall be returned promptly (and in no event later than ninety (90) days after entry
15 of final judgment) to the Designating Party or, in the case of deposition testimony
16 regarding designated exhibits, counsel of record for the Designating Party. Alternatively,
17 the Receiving Party shall provide to the Designating Party a written certification that all
18 such materials have been destroyed. For the avoidance of doubt, return or destruction of
19 Protected Information and all copies thereof does not apply to any attorney working
20 copies or attorney work product.

21       24.    Nothing in this Order shall require disclosure of information protected by
22 the attorney-client privilege, or other privilege or immunity, and the inadvertent
23 production of such information shall not operate as a waiver.

24       25.    If a party becomes aware that it has inadvertently produced information
25 protected by the attorney-client privilege, or other privilege or immunity, the party will
26 promptly notify each Receiving Party in writing of the inadvertent production. When a
27 party receives notice of such inadvertent production, it shall return or destroy all copies
28 of inadvertently produced material within three (3) business days. Any notes or

summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.

26. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The opposing party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, and (iv) return or destroy such information or materials.

27. Should a party withhold otherwise discoverable material on the basis that the information is protected by the attorney-client privilege or other privilege or immunity ("Privileged Information"), the party shall serve a privilege log that complies with Federal Rule of Civil Procedure 26 within thirty (30) days of production from which the Privileged Information is withheld.

28. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Protected Information; or to object to the production of Protected Information; or to apply to the Court for an order compelling production of Protected Information; or for modification of this Order; or to seek any other relief from the Court.

29. Nothing in this Order authorizes any party to disobey a lawful directive from another court or to ignore any lawful process.

/ / /

/ / /

30.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  August 5, 2024

_____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## Agreement to be Bound by Stipulated Protective Order

I hereby acknowledge that I have read the terms of the Stipulated Protective Order entered in the above-captioned civil action. I certify that I understand and agree to the terms and conditions thereof. I further acknowledge and agree that by agreeing to be bound by said Order, I voluntarily submit to the jurisdiction of the U.S. District Court for the Central District of California for the purposes of enforcement of said Order, including my receipt and review of information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature: _____

Printed Name: _____

Title/Position: _____

Company: _____